UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00076-RJC-SCR

| | |
|---|---|
| UPSTATE MOBILE TIRE, LLC,<br><br>Petitioner,<br><br>v.<br><br>TREAD CONNECTION INTERNATIONAL, LLC, et al.,<br><br>Respondents. | **ORDER** |

**THIS MATTER** is before the Court on Petitioner Upstate Mobile Tire, LLC's Motion for Default Judgment. (Doc. No. 9). For the reasons explained below, Petitioner's motion is **GRANTED**.

I. BACKGROUND

On February 9, 2023, Petitioner Upstate Mobile Tire, LLC filed an Application to Confirm Arbitration Award against Respondent Tread Connection International, LLC. (Doc. No. 1). On June 29, 2023, Petitioner filed an amended Application to Confirm Arbitration Award against Respondent Tread Connection, LLC ("Respondent"). (Doc. No. 3). On August 30, 2023, Petitioner filed a Motion to Serve Process Upon the North Carolina Secretary of State. (Doc. No. 5). In its motion, Petitioner indicated that Respondent had been administratively dissolved by the North Carolina Secretary of State and that Petitioner tried unsuccessfully to

1

serve an officer associated with Respondent. (*Id.* at ¶¶ 2–3). Magistrate Judge Rodriguez granted Petitioner's motion.

On September 8, 2023, Petitioner filed a Certificate of Service, (Doc. No. 6), and letter from the Secretary of State, (Doc. No. 6-1), indicating that the Secretary of State accepted service on September 5, 2023. On September 12, 2023, the Court set a deadline requiring Respondent to file its answer by September 27, 2023. Respondent failed to respond in a timely manner. On October 10, 2023, Petitioner moved for entry of default, (Doc. No. 7), and the Clerk of Court entered default against Respondent on October 13, 2023. (Doc. No. 8). On December 21, 2023, Petitioner moved for default judgment. (Doc. No. 9).

## II. STANDARD OF REVIEW

### a. Default Judgment Standard

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The defendant is not deemed, however, to have admitted conclusions of law,

2

and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted); *see also J & J Sports Prods.*, 845 F. Supp. 2d at 705; *EEOC v. Carter Behavior Health Servs.*, 2011 U.S. Dist. LEXIS 129493, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See Ryan*, 253 F.3d at 780; *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *J & J Sports Prods.*, 845 F. Supp. 2d at 705; 10 A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the court finds that liability is established, it must then determine damages. *J & J Sports Prods.*, 845 F. Supp. 2d at 706 (citing *Ryan*, 253 F.3d at 780–81). The court must make an independent determination regarding damages and cannot

accept as true factual allegations of damages. *Id.* (citing *Lawbaugh*, 359 F. Supp. 2d at 422); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (noting the court must "assure that there is a legitimate basis for any damage award it enters."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See EEOC v. CDG Mgmt., LLC*, No. RDB-08-2562, 2010 U.S. Dist. LEXIS 124919, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); *EEOC v. North Am. Land Corp.*, No. 1:08-cv-501, 2010 U.S. Dist. LEXIS 78928, 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

　　b. <u>Confirmation of Arbitration Award Standard</u>

　　Section 9 of the Federal Arbitration Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

*See also Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195–204 (2000) (holding that the FAA's venue provisions are permissive and that a motion to confirm an arbitration award may also be made in any district proper under the general venue statute).

4

"[J]udicial review of arbitration awards is extremely limited – in fact, it is 'among the narrowest known to the law.'" *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000) (quoting *Union P.R. Co. v. Sheehan*, 439 U.S. 89, 91, 99 S. Ct. 399, 58 L. Ed. 2d 354 (1978)). An arbitration award may be vacated only when an arbitrator "strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice.'" *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001) (internal citations omitted). When reviewing an arbitration award, "[a] court sits to 'determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'" *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations omitted).

### III. DISCUSSION

Respondent Tread Connection, LLC has failed to respond to Petitioner's amended Petition to Confirm Arbitration Award and Motion for Default Judgment, and the time for doing so has passed. Accordingly, the Court accepts as true all of Petitioner's well-pleaded allegations of fact.

The Court has jurisdiction of this cause and the parties before it, and venue is proper in this Court. Petitioner Upstate Mobile Tire, LLC is a South Carolina limited liability company with two members who are both citizens of South Carolina. (Doc. No. 3 at ¶ 1). Respondent Tread Connection, LLC is a North Carolina limited liability company with two members who are both citizens of North Carolina. (*Id.* at ¶ 2). The amount in controversy exceeds $75,000, as Petitioner seeks damages in excess of

$189,179.29. (*Id.* at ¶ 3). Respondent Tread Connection, LLC's last known address and principal office is located at 8521 Crown Crescent Court, Charlotte, North Carolina 28227. (Doc. No. 6 at 1).

Respondent has not participated in the arbitration proceedings since July 2022. (Doc. No. 3-1 at 3). Respondent was provided notice by the AAA to attend a preliminary hearing on September 8, 2022, but Respondent did not attend. (*Id.*). The arbitrator proceeded in Respondent's absence and ordered that the matter proceed as a "documents only" case with evidence submissions to be made at times certain. (*Id.*) The arbitrator found that Respondent received notice of the "documents only" process but did not make any evidentiary submissions or otherwise participate in the arbitration. (*Id.*).

The parties' dispute arises out of negotiations surrounding the establishment of a franchise operation in Greenville, South Carolina. (Doc. No. 3-1 at 1). The arbitrator found that in the fall of 2019, Petitioner's representatives negotiated with Respondent's owner regarding Petitioner establishing a franchise operation for Respondent's franchise, Tread Connection. (*Id.*) Documents dated August 10, 2021, established Petitioner as a franchisee of Respondent. (*Id.*). Following the parties' agreement, Petitioner's representatives engaged in efforts to relocate from upstate New York to South Carolina. (*Id.*). The arbitrator found that shortly after becoming a franchisee, Petitioner learned that Respondent's franchises would be transferred over to a new company, TireBuyer, with an abandonment of Respondent's "Tread Connections" brand. (*Id.* at 1–2). The arbitrator further found that at the time of its

6

Case 3:23-cv-00076-RJC-SCR    Document 10    Filed 08/01/24    Page 6 of 8

negotiations with Petitioner's representatives, Respondent knew that the Tread Connections brand and business model were being sold. (*Id.* at 2).

On November 8, 2022, the arbitrator entered a Final Award in favor of Petitioner Upstate Mobile Tire, LLC and against Respondent Tread Connection, LLC. (Doc. No. 3-1 at 3). The arbitrator found that as a result of Respondent Tread Connection, LLC's wrongful actions, including misrepresentations, omissions, and breaches, Petitioner had been damaged in the amount of $189,179.25. (Doc. No. 3-1). The arbitrator further awarded Petitioner interest at the North Carolina statutory rate of eight percent from the date of the parties' agreement, August 10, 2021, and the administrative filing and arbitrator fees totaling $10,400. (Doc. No. 3-1).

Petitioner then applied to this Court for an order confirming the Final Award. (Doc. No. 3). On September 8, 2023, Petitioner filed a Certificate of Service and letter from the Secretary of State indicating that the Secretary of State accepted service on September 5, 2023. To date, Respondent has failed to appear or otherwise defend this action. Having reviewed the record, the Court finds no reason to disturb the arbitrator's Final Award, particularly under the incredibly deferential standard of review. Therefore, the Court finds that Petitioner is entitled to a final judgment and confirmation of the Final Award.

## IV. CONCLUSION

**IT IS, THERFORE, ORDERED** that:

1. Petitioner's Motion for Default Judgment, (Doc. No. 9), is **GRANTED**;

2. Petitioner's amended Application to Confirm Arbitration Award, (Doc. No. 3), is **GRANTED**;

3. The Court **CONFIRMS** the Final Award and hereby **ENTERS JUDGMENT** in favor of Petitioner in accordance with the Final Award. Specifically, Respondent Tread Connection, LLC is liable to Petitioner Upstate Mobile Tire, LLC for the following: (i) $189,179.25 in damages; (ii) interest at the North Carolina statutory rate of eight percent from August 10, 2021, the date of the parties' agreement; and (iii) the administrative filing fees of AAA totaling $2,900.00 and the fees of the arbitrator totaling $7,500.00;

4. The Court will consider an award of reasonable attorneys' fees and costs upon the filing of a separate motion.

Signed: July 31, 2024

Robert J. Conrad, Jr.
United States District Judge